UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


TALIB ABDULLAH ALI                    :
                                      :              PRISONER
      v.                              :     CASE NO. 3:06cv183(AHN)
                                      :
DETECTIVE ANTHONY CASSANTA, et al. :


RULING ON MOTION TO DISMISS

Plaintiff Talib Abdullah Ali brings this civil rights action

pro se against Detectives Cassanta, Lostocco and Clark of the

Newington, Connecticut, Police Department and Detectives Ganley,

Boisland, Rohner, Amato, Buckles, Ebrus, Borysevics, Kersey and

Kazcynski of the Drug Enforcement Agency ("DEA") and DEA Task

Force.  He alleges that the defendants used excessive force

against him.  Defendants Ganley, Boisland, Rohner, Amato,

Buckles, Ebrus, Borysevics, Kersey and Kazcynski ("the DEA

defendants") have filed a motion to dismiss.  For the reasons

that follow, the motion is granted in part and denied in part.

I.   Standard of Review

When considering a motion to dismiss, the court accepts as

true all factual allegations in the complaint and draws

inferences from these allegations in the light most favorable to

the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Dismissal is inappropriate unless "it is clear that no relief

could be granted under any set of facts that could be proved

consistent with the allegations" in the complaint.  <u>Swierkiewicz</u>
<u>v. Sorema</u>, 534 U.S. 506, 514 (2002).  In deciding a motion to
dismiss, the court does not determine whether the plaintiff
ultimately will prevail.  Instead, the court determines whether
the plaintiff should be permitted to present evidence to support
his claims.  <u>See</u> <u>York v. Association of Bar of City of New York</u>,
286 F.3d 122, 125 (2d Cir.) (quoting <u>Scheuer</u>, 416 U.S. at 236),
<u>cert. denied</u>, 537 U.S. 1089 (2002).  However, "[c]onclusory
allegations or legal conclusions masquerading as factual
conclusions will not suffice to prevent a motion to dismiss" from
being granted.  <u>Smith v. Local 819 I.B.T. Pension Plan</u>, 291 F.3d
236, 240 (2d Cir. 2002) (internal quotation marks and citation
omitted).

II.  <u>Facts</u>

Ali alleges that, on February 5, 2003, he went to Room 116
at the Grantmoor Motel to confront a woman who had been calling
and threatening him repeatedly for three days.  Through the
window, he saw the woman standing in the room with a man Ali did
not know.  Ali began banging on the door and yelling to the
occupants to open the door for him.

The man opened the door and grabbed Ali by the collar.  When
Ali told the man to release him, the man told Ali to calm down.
Ali demanded that the woman stop calling him.  The man shook Ali
and again told Ali to calm down.  The woman then started

screaming.  Ali hit the man and they started fighting.

Ali noticed that the door to the next room had opened and men began to file out.  Ali assumed that the men were friends or relatives of the man with whom he was fighting and thought he would be attacked.  Someone dragged Ali into Room 116 and closed the door.  Ali again began fighting until one of the men identified the group as police officers.  Ali stopped fighting and was handcuffed.

Once the handcuffs were secured, the men punched and kicked Ali for one or two minutes.  Someone pulled Ali's leather jacket over his head and began to smother him.  Another put his foot on Ali's back and pulled the handcuffs up until Ali heard a ripping sound in his shoulder.  Someone entered the room and stopped the assault.  Ali was searched and arrested.  As a result of the assault, Ali suffered a left rotator cuff injury, torn cartilage in his left knee, tendon and nerve damage and a possible fracture of his left ring finger, a bruised spine, facial lacerations and various bruises and abrasions.

III. <u>Discussion</u>

The DEA defendants assert four grounds in support of their motion to dismiss.  They argue that Ali's claims against them in their official capacities are barred by the doctrine of sovereign immunity, Ali's section 1983 claims against them are not cognizable because they are federal officers, any allegation

against them pursuant to <u>Bivens v. Six Unknown Agents of the</u> <u>Federal Bureau of Narcotics</u>, 403 U.S. 389 (1971) fail to state a claim upon which relief may be granted because they are vague and conclusory and any <u>Bivens</u> claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477(1994). Ali was afforded an extension of time, until March 11, 2007, to respond to the motion to dismiss. To date, he has neither filed his opposition nor sought additional time within which to do so.

A.   <u>Official Capacity Claims</u>

The DEA defendants argue that the court lacks subject matter jurisdiction over the claims against them in their official capacity. The court agrees.

A lawsuit against a federal official in his official capacity is considered a lawsuit against the United States. <u>See</u> <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 509-10 (2d Cir. 1994). The doctrine of sovereign immunity protects the United States from suit absent consent. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994).

Ali seeks damages from the DEA defendants for the violation his constitutional right to be free from use of excessive force and for the torts of assault and battery. The United States has not waived its sovereign immunity from suit for such claims

against individual officials.[1]  Thus, the DEA defendants' motion
to dismiss is granted as to all claims against them in their
official capacities.

B.  Section 1983 Claims

Ali states in his complaint that he brings this action
pursuant to 42 U.S.C. § 1983.  The DEA defendants argue that the
complaint should be dismissed in its entirety as to them because
section 1983 does not apply to federal officials.

To state a claim for relief under section 1983, Ali must
allege that a person, acting under color of state law, has
deprived him of a constitutionally or federally protected right.
See 42 U.S.C. § 1983; Lugar v. Edmondson Oil Co., 457 U.S. 922,
930 (1982).  Federal officials do not act under color of state
law as required by section 1983.  See Kingsley v. Bureau of
Prisons, 937 F.2d 26, 30 n.4 (2d Cir. 1991) (holding that section
1983 claims are not cognizable against federal officers).  Thus,
the DEA defendants' motion to dismiss is granted as to any claims

---

[1]Under the Federal Tort Claims Act, the United States has
waived sovereign immunity for claims seeking money damages for
injuries caused by a federal official while acting within the
scope of his employment if a private person committing the same
act would be liable under the law of the state where the incident
occurred.  See 28 U.S.C. § 1346(b).  However, FTCA claims are not
cognizable against individual federal officials.  See Castro v.
United States, 34 F.3d 106, 110 (2d Cir. 1994) ("the FTCA makes
individual government employees immune from common-law tort
claims for acts committed within the scope of their employment").
Any possible FTCA claim is considered in Section III D of this
ruling.

brought pursuant to 42 U.S.C. § 1983.

    C.    Bivens Claims

The Second Circuit has held that the court should construe a section 1983 action brought against a federal official as an action brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).  In Bivens, the Supreme Court held that federal officials may be sued for damages in their individual capacities for the violations of a person's constitutional rights.  Thus, a Bivens action is the nonstatutory federal counterpart of a civil rights action pursuant to 42 U.S.C. § 1983.  See Ellis v. Blum, 643 F.2d 68, 84 (2d Cir. 1981).  Accordingly, the court construes Ali's complaint as raising a Bivens claim against the DEA defendants.

The DEA defendants contend that any Bivens claim should be dismissed because the allegations are conclusory and lack any factual support.  They also argue that the claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), as an impermissible attack on Ali's conviction.

    1.    Conclusory Claims

To state a claim under Bivens, Ali must allege that he was deprived of a constitutional right by a federal agent acting under color of federal authority.  To do this, he must comply

only with the liberal pleading standard in Rule 8(a), Fed. R.
Civ. P.  See Thomas v. Ashcroft, 470 F.3d 491, 496 & n.7 (2d Cir.
2006).

Ali alleges that after he was handcuffed, the defendants
assaulted him by kicking, punching, smothering and bending his
arms.  The court liberally construes these allegations as claims
against all of the defendants.  Ali's allegations provide
sufficient "details of time and place" to permit the defendants
"to prepare their defense."  Dwares v. City of New York, 985 F.2d
94, 100 (2d Cir. 1993).  Accordingly, the DEA defendants' motion
to dismiss is denied on the ground that Ali's allegations are too
vague or conclusory.

### 2. Claims Barred by Heck

In the alternative, the DEA defendants argue that the Ali's
claim that excessive force was used against him is barred by the
Supreme Court's decision in Heck.

The Supreme Court has held that, if a decision in the
prisoner's favor would call into question the validity of his
conviction, the prisoner may not bring an action for damages
until his conviction has been reversed on direct appeal or called
into question by the issuance of a writ of habeas corpus.  See
Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Although Heck
involved a section 1983 claim, the Second Circuit has held that
the rationale of Heck applies equally to Bivens actions.  See

7

<u>Tavarez v. Reno</u>, 54 F.3d 109, 110 (2d Cir. 1995).

Ali does not allege that he was convicted on the charges for which he was arrested on February 5, 2003. The DEA defendants attach to their motion a Judgment Mittimus with offense dates of February 5, 2003, as evidence that Ali was convicted of assault on a peace officer as a result of his arrest on that date.

The court does not usually consider documents submitted by the defense on a motion to dismiss unless the court notifies the parties that it intends to treat the motion as one for summary judgment. <u>See</u> Rule 12(c), Fed. R. Civ. P. The court may, however, consider matters of which judicial notice may be taken. <u>See</u> <u>Leonard F. v. Israel Discount Bank of New York</u>, 199 F.3d 99, 107 (2d Cir. 1999).

Federal Rule of Evidence 201(b) provides, in pertinent part, that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." The fact of Ali's conviction is capable of determination by sources whose accuracy cannot reasonably be questioned. <u>See</u> <u>State v. Ali</u>, Docket No. H15N -CR03-207240-S (Judgment Mittimus) (Oct. 5, 2005). Thus, the court may take judicial notice of the judgment mittimus for the limited purpose of recognizing that Ali was

convicted of three counts of assault on a peace officer, in violation of Connecticut General Statutes § 53a-167c, stemming from his arrest on February 5, 2003.

It is not clear from the face of the complaint, however, which actions resulted in the conviction. For example, if the conviction was the result of the initial altercation with the person who answered the door, use of excessive force after his arrest by other defendants would not implicate the validity of Ali's conviction. Thus, the court cannot determine at this stage of litigation that a judgment in Ali's favor would "necessarily imply the invalidity of [Ali's] conviction or sentence." Heck, 512 U.S. at 487. The DEA defendants' motion to dismiss all excessive force claims is denied.

D.    FTCA Claims

Ali includes a claim of police brutality which would be a common law tort claim of battery. Any claim for police brutality against the DEA defendants would be cognizable as a claim against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. Before bringing an FTCA claim, the plaintiff must exhaust his administrative remedies with the appropriate federal agency. See 28 U.S.C. § 2675(a). In addition, the proper defendant in an FTCA claim is the United States. Because Ali has included no allegations referencing the exhaustion requirement, the court will not substitute the United

States as defendant for this claim.

If Ali wishes to proceed on an FTCA claim against the DEA defendants, he shall file an amended complaint including evidence that he timely exhausted his administrative remedies and add the United States as a defendant.

IV.  Conclusion

The DEA defendants' Motion to Dismiss [**Doc. #27**] is **GRANTED** as to all official capacity claims and all Section 1983 claims and is **DENIED** as to all <u>Bivens</u> claims.

If Ali intends to pursue a claim against the DEA defendants under the FTCA, he shall file an amended complaint within **twenty (20)** days from the date of this order.  The amended complaint shall add the United States as a defendant and include evidence that Ali timely exhausted his administrative remedies.  Failure to file an amended complaint within the time provided will be construed as an abandonment of any FTCA claim.

In addition, service on defendants Cassanta, Lostocco and Clark was returned to the court unexecuted.  To enable the U.S. Marshal to effect personal service on these three defendants, Ali is directed to complete the enclosed service and summons forms for each of these defendants using an address at which each defendant may be located.  Failure to return completed forms to the court within **twenty (20)** days from the date of this order will result in the dismissal of all claims against defendants

Cassanta, Lostocco and Clark.

**SO ORDERED** this 21st day of May, 2007, at Bridgeport,

Connecticut.

_____/s/_____
Alan H. Nevas
United States District Judge
